IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FELICIA GOBLE HALL, | ) |
| Plaintiff, | ) |
| vs. | ) 4:19-cv-01465-LSC |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

**I.  Introduction**

The plaintiff, Felicia Goble Hall ("Hall"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB"). Hall timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Hall was 48 years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 39.) She has an eleventh-grade education. (Tr. at 40.) Her past work experiences include employment as a cashier, store laborer, vending

machine attendant, vending machine repairer, and delivery driver. (Tr. at 51.) Hall claims that she became disabled on June 5, 2015, due to severe back injury and rib injury. (Tr. at 23, 460.) Hall also claims she suffers from carpal tunnel syndrome, obesity, and a history of left shoulder injury. (Tr. at 26.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's physical and mental medically determinable impairments ("MDI"). *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e).

The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of her past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent her from performing her past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Hall met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. at 25.) The ALJ further determined that Hall has not engaged in SGA since June 5, 2015, the alleged onset date of her disability. (*Id.*) According to the ALJ, Hall's allegations of degenerative disc disease with spondylosis, foraminal stenosis, radiculopathy status post lumbar fusion, carpal tunnel syndrome, obesity, and history of left shoulder injury were severe medically determinable impairments that significantly limit the ability to perform basic work activities. (Tr. at 26.) However, the ALJ found these impairments or a combination of these impairments do not equal the severity of one of the listed impairments in the regulations (*Id.*) According to the ALJ, the pertinent medical evidence of record, demonstrated by medically acceptable clinical and laboratory diagnostic techniques, does not establish that any

of Hall's impairments are medically equivalent to any section of the regulation's listing of impairments, nor has any physician designated by the Secretary so opined. (*Id.*) Considering the entire record, the ALJ determined that Hall has the following RFC:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a0 except the claimant can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently handle, finger, and feel with her upper bilateral extremities; occasionally be exposed to temperature extremes, wetness and humidity, and vibration; and never be exposed to unprotected heights, hazardous machinery, or commercial driving.

(Tr. at 26.) Next the ALJ determined that Hall's impairments prevent her from performing any past relevant work as actually or generally performed. (Tr. at 28.) Lastly, the ALJ considered Hall's age, education, work experience, and RFC and determined that there are jobs in the national economy that may be performed by Hall. (Tr. at 29.) These jobs include a charge account clerk, a button reclaimer, and a spotter. (Tr. at 30.) Therefore, the ALJ determined that Hall has the RFC to perform a full range of sedentary work and a finding of "not disabled" is required by the regulations. (*Id.*) The ALJ concluded her findings by stating that Hall, "has not been under a disability, as defined in the Social Security Act, from June 5, 2015, through the date of this decision." (Tr. at 30.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates

against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Hall argues the Appeals Council failed to properly consider evidence she submitted in support of her request for review of the ALJ's decision. The Appeals Council will review a case based on additional evidence if the evidence relates to the period on or before the ALJ's hearing decision and there is a reasonable probability that the new evidence would change the outcome of the decision. *See* 20 C.F.R. § 404.970(a)(5).

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has

the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. § 416.1470(b). However, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram*, 496 F.3d at 1261; *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b). The new evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). It is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b).

When considering the Appeals Council's denial of review, a reviewing court considers such new evidence, along with all the other evidence in the record, to determine whether substantial evidence supports the ALJ's decision. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b); *Ingram*, 496 F.3d at 1266.

Here, after the ALJ issued her decision on September 19, 2018 (tr. at 30), Hall subsequently submitted five new pieces of evidence to the Appeals Council. This evidence includes (1) medical evidence detailing diagnosis and treatment, from November 20, 2007 to January 14, 2019, completed by The Orthopaedic Center; (2) physical therapy performance forms, from December 13, 2016 to January 4, 2017, completed at Therapy Plus Fitness; (3) a list of examinations and procedures

performed by Dr. Brent Newell, from November 17, 2016 to May 4, 2017, at the Huntsville Hospital Spine & Neuro Center; (4) records of epidural procedures and medical records, from February 16, 2015 to February 13, 2018, at The Surgery Center; and (5) a physical capacities evaluation form completed by Dr. Michael Cosgrove, from April 19, 2019, at The Orthopaedic Center. (Tr. at 9, 65-99, 100-128, 133-263.)

This additional evidence is not material. Indeed, even if accepted, there is not a reasonable probability that it would change the administrative result because it supports conditions that were already considered by the ALJ. (Tr. at 26, 65-99, 100-128, 133-263.) The medical records include documentation for various procedures performed on Hall from various medical establishments; however, the medical documents reiterate the same known conditions. (Tr. at 65-99, 100-128, 133-263.) At the hearing, the ALJ acknowledged that Hall's back injuries and subsequent surgeries left her with severe impairments of degenerative disc disease with spondylosis, foraminal stenosis, radiculopathy status post lumbar fusion, carpal tunnel syndrome, obesity, and a history of left shoulder injury that could significantly limit the ability to perform basic work activities. (Tr. at 26.) Hall does not explain why any of the new evidence would change the outcome of her claim, considering

that the medical records are consistent with injuries already alleged and considered. (*Id.*)

Dr. Michael Cosgrove's physical capacities evaluation is similarly immaterial. Hall first sought a physical examination from Dr. Michael Cosgrove, an anesthesiologist, on April 19, 2019, several months after the ALJ's decision. (Tr. at 9.) On the physical capacities form, Dr. Cosgrove opined that Hall would be off-task 20 percent of the time on a normal workday. (*Id.*) Dr. Cosgrove also determined that in a 30-day period, Hall would fail to report to work on two-to-three days because of her physical symptoms. (*Id.*) Dr. Cosgrove further noted that Hall is limited to sitting and standing for only two hours at a time, and that these two-hour intervals will still require frequent positional changes. (*Id.*) According to Dr. Cosgrove, Hall would be expected to lie down two hours during an eight-hour workday. (*Id.*) However, neither the physical capacities evaluation nor any other medical evidence submitted for appeal supports Dr. Cosgrove's opinion. (Tr. at 9, 27-28.) Dr. Cosgrove's opinion provides conclusory statements without support from the objective medical evidence. (Tr. at 9, 27-28.)

The objective medical evidence on the record provides substantial evidence that contradicts Dr. Cosgrove's opinions. At the initial hearing, the ALJ gave significant weight to the findings and opinions of Dr. Celtin Robertson, the

consulting physician. (Tr. at 28.) According to Dr. Robertson, Hall could occasionally lift up to twenty pounds and could stand up to two hours and sit upwards of six hours. (Tr. at 27.) The findings of Dr. Robertson were consistent with earlier functional capacity evaluations by The Orthopaedic Center and consistent with sedentary work. (*Id.*) Because substantial evidence supports Dr. Robertson's findings and contradicts Dr. Cosgrove's findings, Dr. Cosgrove's evaluations would not have had a reasonable probability of changing the administrative result.

The Appeals Council properly denied review because there was not a reasonable probability that Hall's newly submitted evidence would change the outcome of the ALJ's decision. (Tr. at 2.) Moreover, the Appeals Council was not required to give a more detailed explanation or address each piece of new evidence individually. *See Mitchell v. Comm'r Soc. Sec. Admin.,* 771 F.3d 780, 784 (11th Cir. 2014). In cases such as this one, where the Appeals Council has denied review because of immateriality, Plaintiff's reliance on cases such as *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980) and *Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984), has been consistently noted as misplaced by the Eleventh Circuit in both published and unpublished decisions. *See e.g.*, *Mitchell*, 771 F.3d at 782-84; *Parks v. Comm'r, Soc. Sec. Admin.*, 783 F.3d, 847, 853 (11th Cir. 2015); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x, 931, 936 (11th Cir. 2015); *Beavers v. Comm'r, Social Sec.*

*Admin.*, 601 F. App'x 818, 822 (11th Cir. 2015). Indeed, "*Epps* does not apply when, as here, the Appeals Council denies a petition for review." *Mitchell*, 771 F.3d at 783. Plaintiff's claim that the Appeals Council should have provided a more in-depth discussion of the new evidence is without merit.

## IV. Conclusion

Upon review of the administrative record, and considering all of Hall's arguments, the Court finds the Appeals Council's denial of review is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on March 31, 2021.

_____
L. Scott Coogler
United States District Judge

203171